UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GRIFFIN,<br><br>    Petitioner,<br><br>  v.<br><br>CONNIE GIPSON,<br><br>    Respondent. | No. 2:13-cv-2660 GGH P<br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

  Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis and a request for appointment of counsel.

  Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a). The court must now determine if the action is frivolous or malicious.

  In considering whether to dismiss an action as frivolous pursuant to § 1915(d), the court has especially broad discretion. Conway v. Fugge, 439 F.2d 1397 (9th Cir. 1971). The Ninth Circuit has held that an action is frivolous if it lacks arguable substance in law and fact. Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court's determination of whether a complaint or claim is frivolous is based on "'an assessment of the substance of the claim presented, i.e., is there a factual and legal basis, of constitutional dimension, for the asserted

1

1    wrong, however inartfully pleaded.'" Franklin, 745 F.2d at 1227 (citations omitted).

2        Petitioner's petition was filed with the court on December 26, 2013.[1] The court's own
3    records reveal that on December 5, 2013, petitioner filed a petition containing virtually identical
4    allegations against the same respondent. In fact, the instant petition appears to be an exact
5    photocopy of the petition filed in the earlier case. (No. 2:13-cv-2516).[2] Due to the duplicative
6    nature of the present action, the court finds it frivolous and, therefore, will dismiss the petition.
7    28 U.S.C. § 1915(d).

8        Petitioner has also requested appointment of counsel. There currently exists no absolute
9    right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460
10   (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage
11   of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases.
12   In the present case, the court does not find that the interests of justice would be served by the
13   appointment of counsel at the present time.

14       Accordingly, IT IS HEREBY ORDERED that:

15       1. Petitioner's request to proceed in forma pauperis is granted;

16       2. Petitioner's December 26, 2013 request for appointment of counsel is denied without
17   prejudice; and

18       3. The Clerk is directed to assign a district judge to this case.

19       IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice. See
20   Fed. R. Civ. P. 41(b).

21       These findings and recommendations are submitted to the District Judge assigned to this
22   case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served
23   with these findings and recommendations, petitioner may file written objections with the court.
24   The document should be captioned "Objections to Magistrate Judge's Findings and

---

[1] The petition was transferred to this court from the Fresno Division of the Easter District of California on December 27, 2013, and reassigned from Judge Claire to the undersigned on January 6, 2014.

[2] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 2, 2014

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Griff2660.123